McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2770

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CR-0400-GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| DANIEL RAYMOND LECLERC, | ) | OF PROPERTY IN GOVERNMENT |
| | ) | CUSTODY - 18 U.S.C. § |
| Defendant. | ) | 983(a)(3)(B)(ii)(II) |
| _____ | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about September 27, 2006, Air Interdiction Agents of the  Department of Homeland Security, Customs and Border Protection ("CBP") executed a Customs Outbound search and consent search on the below-listed airplane at the Yreka Airport in California.  CBP agents located approximately 144 kilograms of cocaine inside the airplane piloted by Daniel Raymond Leclerc. CBP agents seized the following asset on or about September 27,

2006:

a)   1973 Cessna 340 aircraft.

Hereinafter, the above-referenced asset is collectively referred to as the "seized asset".

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized asset in a criminal indictment.  On October 4, 2006, the Government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized asset.  That Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statute in this case is 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the

2

Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the seized asset pursuant to a Customs Outbound search and consent search, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including the Department of Homeland Security, Customs and Border Protection, and/or Immigration and Customs Enforcement, may continue to maintain custody of the seized asset until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: _11/22/06_          McGREGOR W. SCOTT
                           United States Attorney


                           _/s/ Robert M. Twiss for_
                           HEIKO P. COPPOLA
                           Assistant U.S. Attorney

///

///

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the Department of Homeland Security, Customs and Border Protection, and/or Immigration and Customs Enforcement, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

a)   1973 Cessna 340 aircraft.

IT IS SO ORDERED.

Dated:  November 27, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge

4