McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2770

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CR-0400-GEB |
| | ) | |
| Plaintiff, | ) | STIPULATION FOR FINAL |
| | ) | ORDER OF FORFEITURE |
| v. | ) | AND ORDER THEREON |
| | ) | |
| DANIEL RAYMOND LECLERC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CANADIAN AVIONICS & INSTRUMENTS LTD., | ) | |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

　　　IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner Canadian Avionics & Instruments Ltd. (hereafter "Petitioner"), to compromise and settle their interests in the 1973 Cessna 340 aircraft (hereafter the "Aircraft"), and to consent to the entry of a Final Order of Forfeiture as to the Aircraft pursuant to 21 U.S.C. § 853(a).

　　　This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

　　　1.　On December 14, 2007, Daniel Raymond Leclerc entered into a

1

plea agreement in which he pled guilty to Count One the Indictment, which charged possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  The Court entered a Preliminary Order of Forfeiture on January 22, 2008.  Pursuant to 21 U.S.C. § 853(n)(1), the United States gave direct notice to Petitioner, and published notice in the <u>Siskiyou Daily News</u> on February 8, 15, and 22, 2008.  Petitioner filed a Petition for Ancillary Hearing on May 12, 2008, claiming a lien interest in the Aircraft.  No other persons or entities have come forward and the time for maintaining a claim has expired.

    2.  The parties hereby stipulate that Petitioner has a lien interest in the Aircraft.  Petitioner has a legal right, title, or interest in the Aircraft, and that such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for Petitioner's lien interest because such interest was vested in them rather than the Defendant at the time of the commission of the acts which give rise to the forfeiture of the Aircraft.  *See* 21 U.S.C. § 853(n).  The parties further stipulate, however, that Daniel Raymond Leclerc has an ownership interest in the Aircraft and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

    3.  The parties agree that the sale of the Aircraft shall be handled by the Department of Homeland Security, Customs and Border Protection, and/or Immigration and Customs Enforcement in a commercially reasonable manner.  The Department of Homeland Security, Customs and Border Protection, and/or Immigration and Customs Enforcement shall have sole authority to select the means of

sale, and shall have sole authority over the marketing and sale of the Aircraft.

    4.  The United States agrees that upon entry of a Final Order of Forfeiture and sale of the Aircraft pursuant to the Final Order of Forfeiture, the United States will not contest payment to Petitioner from the proceeds of the sale, after payment of expenses reasonably incurred by the Department of Homeland Security, Customs and Border Protection, and/or Immigration and Customs Enforcement in connection with its custody and sale of the Aircraft, the following:

        a.  All unpaid principal due to Petitioner.  As of May 1, 2008, the principal balance due and owing was $48,565.49, and the accrued interest due and owing was $1,632.79.  Interest continues to accrue at the rate of $33.00 per diem.  The total amount necessary to pay the lien in full as of May 1, 2008 was $50,198.28.

        b.  All unpaid interest at the contractual base rate (not the default rate), until the date of payment.

        c.  The exact amount to be paid to Petitioner shall be determined at the time of payment, but shall not be less than the amounts set forth above.

        d.  To the United States of America, the net proceeds from the sale of the Aircraft after the above disbursements to be forfeited to the United States and disposed of as provided for by law.

    5.  The payment to Petitioner shall be in full settlement and

1  satisfaction of all claims and petitions by Petitioner to the
2  Aircraft indicted by the Grand Jury for the Eastern District of
3  California on or about October 4, 2006, and of all claims arising
4  from and relating to the seizure, detention, and forfeiture of the
5  Aircraft.  The payment to Petitioner shall not include any penalty
6  payments, including any prepayment penalties.

7       6.   Upon payment, Petitioner agrees to assign and convey its
8  respective security or other interests to the United States via
9  recordable documents and to release and hold harmless the United
10 States, and any agents, servants, and employees of the United States
11 (and any involved state or local law enforcement agencies and their
12 agents, servants, or employees), in their individual or official
13 capacities, from any and all claims that currently exist or that may
14 arise as a result of the Government's actions against and relating
15 to the Aircraft.  As against the United States and its agents,
16 Petitioner agrees to waive the provisions of California Civil Code §
17 1542, which provides: "A general release does not extend to claims
18 which the creditor does not know or suspect to exist in his favor at
19 the time of executing the release, which if known by him must have
20 materially affected his settlement with the debtor."  The release
21 given under this paragraph shall apply only to conduct that has or
22 may have occurred up to and including the date on which Petitioner
23 receives payment under the terms of this agreement.  The waiver by
24 Petitioner of Civil Code § 1542 pertains only to the release given
25 by Petitioner under this agreement as to the subject Aircraft.

26      7.   Petitioner agrees not to pursue against the United States
27 any other rights that it may have, including, but not limited to,
28 the right to foreclose upon and sell the Aircraft during the

1 pendency of this proceeding or any post-forfeiture proceeding
2 relating to the marketing and sale of the Aircraft, and any right to
3 assess additional interest or penalties except as specifically
4 allowed herein.
5     8.  Petitioner understands and agrees that by entering into
6 this stipulation of its interest in the Aircraft, Petitioner waives
7 any right to litigate further its ownership interest in the Aircraft
8 and to petition for remission or mitigation of the forfeiture.
9 Thereafter, if this Stipulation for Final Order of Forfeiture is
10 approved by the Court, then unless specifically directed by an order
11 of the Court, Petitioner shall be excused and relieved from further
12 participation in this action.
13     9.  Petitioner understands and agrees that the United States
14 reserves the right to void the stipulation if, before payment of the
15 lien, the U.S. Attorney obtains new information indicating that the
16 Petitioner is not an "innocent owner" or a "bona fide purchaser"
17 pursuant to the applicable forfeiture statutes.  The U.S. Attorney
18 also reserves the right, in its discretion, to terminate the
19 forfeiture at any time and release the Aircraft.  In either event,
20 the United States shall promptly notify the Petitioner of such
21 action.  A discretionary termination of forfeiture shall not be a
22 basis for any award of fees.
23     10.  The parties agree to execute further documents, to the
24 extent reasonably necessary, to convey clear title to the Aircraft
25 to the United States and to implement further the terms of this
26 Stipulation.  Each party agrees to bear its own costs and attorneys'
27 fees.
28     11.  Payment to the Petitioner pursuant to this Stipulation is

contingent upon a forfeiture of the Aircraft to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture.  Further, the terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

    12.  The court shall maintain jurisdiction over this matter to, inter alia, enforce the terms of this stipulation.

```
Dated: 12/3/08                McGREGOR W. SCOTT
                              United States Attorney


                              /s/ Heiko P. Coppola
                              HEIKO P. COPPOLA
                              Assistant U.S. Attorney


Dated: Dec. 3, 2008           /s/ Daryl J. Klarenbach
                              DARYL J. KLARENBACH
                              Petitioner and President of Canadian
                              Avionics & Instruments Ltd.



Dated: Dec. 2, 2008           /s/ P.J. Caron
                              PAUL J. CARON, Q.C.
                              Attorney for Petitioner
                              Canadian Avionics & Instruments Ltd.

                              (Original signatures retained by
                              attorney)
```

///
///
///
///
///
///

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: December 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge